Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE STREIM, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCESS CRUISE LINES, LTD., a corporation for profit, and DOES 1 - 10, <br><br> Defendants. | CASE NO.: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EUGENE STREIM brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), for personal injuries sustained by Plaintiff EUGENE STREIM. Plaintiff, EUGENE STREIM seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

1

## **Jurisdiction**

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant PRINCESS, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

  e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

  f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. The action is timely as the statute of limitations was extended through February 10, 2020 by written agreement of the Parties.

## **The Parties**

6. Plaintiff was and is a resident of New York.

7. At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

8. At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

10. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Regal Princess*.

3
Complaint and Demand for Jury Trial

11. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Regal Princess*.

12. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 – 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each of the Doe Defendants was in some manner legally responsible for the damages alleged below. The Plaintiff will amend this Complaint to set forth the true and capacities when ascertained, along with the appropriate charging allegations.

13. Plaintiff is informed and believes, that all Defendants, including those sued as DOES 1 – 10, were and are the agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their authority as such agents, alter egos, partners, joint venturers, principals, shareholders, servants, and employees and the like with permission, ratification or consent of their co-Defendants and thus are legally liable for the damages resulting from the acts or omissions of the others.

**General Allegations**

14. At all times material, the Plaintiff was a fare paying passenger and lawfully aboard the vessel *Regal Princess*.

15. On or about November 10, 2018, the Plaintiff was severely injured when he fell on an unreasonably dangerous athletic court as he was participating in a game

4
Complaint and Demand for Jury Trial

of Pickleball on the vessel.

16. These conditions were either created by the Defendants and their employees or had been in place for a sufficient period of time so that the Defendants knew or should have known about them through the exercise of reasonable care.

17. Alternatively, the Defendants and/or their employees, at all material times, undertook to maintain the athletic court to ensure that passengers, including the Plaintiff, could safely participate, and as previously stated, thereby acquired a duty to exercise reasonable care in those undertakings.

18. The dangerous nature of the athletic court was not open and obvious and there were no warning signs present to alert the Plaintiff of the same.

19. Defendants, upon information and belief and at all times material, has actual knowledge from prior experience on its vessels of similar incidents which often resulted in injuries.

20. As a result of the negligence of Defendants, their vessel and/or crew, the Plaintiff suffered serious, permanent and debilitating injuries to his leg requiring surgery.

**FIRST CAUSE OF ACTION**
**GENERAL MARITIME NEGLIGENCE**

21. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, and alleges as follows:

22. At all times material, Defendants owed the Plaintiff a non-delegable duty

5
Complaint and Demand for Jury Trial

to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

23. Alternatively, at all material times, Defendants and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

24. On or about November 10, 2018, the Defendants and/or their agents, servants, joint venturers and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances.

25. On or about November 10, 2018, the Plaintiff was injured, due to the fault and/or negligence of Defendants and/or their agents, servants, joint venturers and/or employees, as follows:

    a. Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

    b. Failure to provide a reasonably safe place to participate in athletic activities aboard the vessel;

    c. Failure to warn the Plaintiff of the unreasonably dangerous nature of the subject athletic court and/or flooring surface;

    d. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably dangerous condition of the subject athletic court;

    e. Failure to maintain the area where the Plaintiff's incident occurred in a reasonably safe manner;

f. Failure to maintain the area where the Plaintiff's incident occurred free from unreasonably dangerous conditions and/or hazards;

g. Failure to properly maintain and keep the athletic court in a reasonably safe condition for its passengers;

h. Failure to properly monitor the athletic court area;

i. Failure to routinely inspect the area on a reasonably timely basis;

j. Failure adequately inspect the area where the incident occurred for dangerous or hazardous conditions;

k. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Plaintiff's, from occurring on its vessels, including but not limited to the *Regal Princess*.

l. Failure to correct the dangerous and/or hazardous conditions of the athletic court which caused the Plaintiff to suffer his incident;

m. Failure to eliminate or modify the dangerous and/or hazardous conditions of the athletic court which caused the Plaintiff to suffer his incident;

n. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

o. Failure to ascertain the cause of prior similar accidents happening on any of the Defendants' vessels fleet wide so as to take adequate measures to

prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

p. Failing to install proper and reasonable safeguards to prevent passengers from being injured while using the athletic court;

q. Failure to warn the Plaintiff of the dangerous and/or hazardous condition posed to him;

r. Failure to follow industry standard, including but not limited to, ASTM standards in the construction and/or design of the athletic court; and/or

s. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

26. At all material times, Defendants have exclusive custody and control of the above named vessel.

27. At all material times, Defendants negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff of the dangerous and hazardous condition which resulted in his injuries. Defendants violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff to be injured.

28. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

29. As a result of the negligence of Defendants, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in her favor and against the Defendants as follow:

1. To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award costs of suit and attorney's fees, as permitted by law;

4. For prejudgment interest according to proof; and

5. To enter such other and further relief as the Court deems just under the circumstances.

L<small>IPCON</small> M<small>ARGULIES</small> A<small>LSINA</small> & W<small>INKLEMAN</small>

DATED: February 4, 2020.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### **Demand for Jury Trial**

Plaintiff EUGENE STREIM hereby demands a trial by jury on all claims for relief.

L<small>IPCON</small> M<small>ARGULIES</small> A<small>LSINA</small> & W<small>INKLEMAN</small>

DATED: February 4, 2020.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*